UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DELBERT STURM, an individual, RICHARD D. FERGUSON, an individual, DWAYNE YOLK, an individual, STAN DALRYMPLE, an individual, OCTAVIO CRUZ, JR., an individual, SANTOS REYES, an individual, JASON MILLER, an individual, PAT STEPHEN GUNN, an individual, CHRIS HOLMAN, an individual, and JOHN DOES 1-20,<br><br>     Plaintiffs,<br><br>v.<br><br>CB TRANSPORT, INC., a foreign corporation,<br><br>     Defendant. | Case No. 1:12-cv-00109-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

  Before the Court is Defendant CB Transport, Inc.'s Motion to Dismiss the Amended Complaint, brought under Fed. R. Civ. P. 12(b)(6). The parties have had an opportunity to submit briefs, and the matter is now ripe for the Court's review. Having reviewed the parties' briefs and the records as a whole, the Court finds that the pertinent

**MEMORANDUM DECISION AND ORDER - 1**

facts and legal contentions are sufficiently presented in the parties' written materials, and that oral argument would not assist in the resolution of this matter. Therefore, under Dist. Idaho L. Rule 7.1, the Court will decide Defendant's motion without oral argument. After carefully considering the parties' arguments and relevant legal authorities, Defendant's motion will be denied, as further explained below.

## FACTUAL BACKGROUND

Nine current and former employees of Defendant CB Transport, Inc. ("CB") filed suit against their employer for violation of the Fair Labor Standards Act ("FLSA") in Idaho state court on October 31, 2011. Plaintiffs amended their complaint on February 17, 2012. CB removed the case to this Court on March 6, 2012, on the grounds that the complaint arises under federal law, and filed its motion to dismiss on March 14, 2012.

In the amended complaint, Plaintiffs allege that they are current or former employees of CB whose primary duties are or were to transport milk from dairies located in Idaho to milk processing plants also located in Idaho. CB allegedly is in the business of transporting unprocessed milk from Idaho dairy farms to milk processing plants. Plaintiffs drove the vehicles to and from the processing facilities.

Plaintiffs contend that, between September 1, 2009, and the present date, they were paid hourly and, in "several instances," they worked in excess of forty hours per week while performing truck driving services for CB. Plaintiffs allege that CB is required to pay overtime wages in accordance with the FLSA and Idaho law, but failed to do so for those hours worked in excess of forty hours in a work week. Plaintiffs seek damages

in the form of their unpaid wages found due and owing under Idaho's wage claim act, Idaho Code § 45-615 *et. seq.*, or alternatively under the FLSA.

CB moves to dismiss Plaintiffs' amended complaint on the grounds that it does not state a claim upon which relief can be granted because Plaintiffs do not plead enough factual matter to give rise to a claim under the FLSA. In addition, CB claims that the allegations in the amended complaint do not sufficiently plead factual matter to refute CB's claimed exemption to the FLSA under the Motor Carrier Act. CB claims also that Plaintiffs do not plead sufficient facts to establish willfulness, which is required to apply the three year statute of limitations instead of the default two year limitations period. Finally, CB contends that Plaintiffs' state law claims are either preempted by the FLSA, or barred by the six month statute of limitations contained in Idaho Code § 45-614.

## ANALYSIS

**1.     Legal Standard**

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* with approval). A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations ... but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555

**MEMORANDUM DECISION AND ORDER - 3**

(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2.   **Dismissal of Plaintiffs' Complaint Is Not Warranted**

The FLSA regulates minimum wage, overtime pay, equal pay, and child labor, and prohibits employers from retaliating against employees who exercise their rights under the FLSA. Section 207 of the FLSA provides that no employer "shall employ any of his employees who in a workweek is engaged in commerce ... or is employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation" for hours worked in excess of forty hours "at a rate not less than one and one half times" the rate at which he is regularly employed. 29 U.S.C. § 207(a)(1). The requirements to state a claim under FLSA are, therefore, quite straightforward.

Contrary to CB's argument that Plaintiffs' allegations are conclusory and therefore do not meet the pleading standard under *Iqbal*, Federal courts have held that, despite *Iqbal*, extensive pleading is not required in the context of an FLSA claim. *See Hellenberg v. Integrated Deicing Servs., LLC*, No. 10-CV-11364, 2011 WL 317733 *2 (E.D. Mich. Feb. 1, 2011) (and cases cited therein). The Court disagrees with CB's argument. The amended complaint alleges that Plaintiffs were or still are employed by CB and paid on

**MEMORANDUM DECISION AND ORDER - 4**

an hourly basis, they worked overtime in excess of forty hours per week from September 1, 2009, and they have been denied overtime pay for those hours worked in excess of forty hours in a workweek on numerous occasions. Plaintiffs have stated sufficient facts to constitute a cause of action under the FLSA against CB. *Uriarte v. City of Calexico*, No. 10-cv-498, 2011 WL 2015215 *1 (S.D. Cal. May 23, 2011) (finding on the same type of pleading that plaintiff stated a cause of action under the FLSA).

CB next argues that the amended complaint does not contain sufficient facts refuting the application of the Motor Carrier Act exemption under the FLSA. The Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), exempts employers from the FLSA overtime requirements if the employer can establish that a driver can reasonably be expected to drive across state lines; or that drivers hauled goods in "the practical continuity of movement" in interstate commerce. *Watkins v. Ameripride Serv.*, 375 F.3d 821, 825-26 (9th Cir. 2004). *See also Shoemaker v. United Parcel Serv., Inc.*, No. 1:10–CV–185–EJL–CWD, 2011 WL 836998 6—7 (D. Idaho Feb. 10, 2011) (discussing the application of the Motor Carrier Act exemption).

Plaintiffs did allege that CB is not exempt from the overtime provisions of the FLSA. CB's contention that Plaintiffs plead factual detail proving CB is not exempt from the overtime provisions of the FLSA is an improper attempt by CB to shift its burden to prove the Motor Carrier Act exemption applies to Plaintiffs. Other than unsupported assertions in its brief, CB has not made a showing that the exemption applies. Moreover, such a showing is more appropriate upon a motion for summary judgment, not a motion to dismiss.

**MEMORANDUM DECISION AND ORDER - 5**

CB argues also that the amended complaint fails to allege sufficient facts to allege willfulness. Under the FLSA, claims for unpaid compensation are typically subject to a two-year statute of limitations. 29 U.S.C. § 255(a). But the limitations period may be extended to three years for a cause of action "arising out of a willful violation" of the statute. *Id*. "A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].' " *Chao v. A–1 Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir.2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation" under the FLSA, its action is not willful. *McLaughlin*, 486 U.S. at 135 n. 13.

Plaintiffs allege that CB's violations were "repeated, willful and intentional." In this regard, the amended complaint falls short. Plaintiffs have not alleged that they placed CB on notice that Plaintiffs claimed overtime pay, such that knowledge of its obligations under the FLSA can be inferred from the allegations in the complaint. It would be enough, for example, if Plaintiffs plead that one or more of them spoke to CB's representatives on numerous occasions about CB's failure to provide them with overtime pay. *See e.g., Uriarte v. City of Calexico*, 2011 WL 2015215 *2 (finding willfulness sufficiently plead based upon allegations of notice to the employer). However, Plaintiffs have not pled any facts that would establish CB knew, or showed reckless disregard whether, its treatment of Plaintiffs was contrary to the FLSA. Plaintiffs should, however, have an opportunity to amend the complaint to plead facts that may establish willfulness.

**MEMORANDUM DECISION AND ORDER - 6**

Finally, CB argues Plaintiffs' state law claims under Idaho's Wage Claim Act are preempted, or in the alternative barred by the six month statute of limitations under Idaho Code §45-514. CB has not cited any authority establishing the FLSA preempts application of Idaho's wage claim statute in its entirety. And, this Court has routinely considered complaints alleging both violations of Idaho's Wage Claim Act and the FLSA, deciding whether claims fall within either of the two statutes. *See Goody v. Jefferson County*, No. 4:09–CV–437–BLW, 2011 WL 2582323 *4 (D. Idaho June 29, 2011) ("section 45-614 is initiated only as 'provided by any law,' in this case the FLSA," and determining liquidated damages under the FLSA); *Wood v. Kinetic Sys., Inc.*, No. 1:09–CV–579–CWD, 766 F.Supp.2d 1080, 1085—86 (D. Idaho Feb. 4, 2011) (considering application of Idaho's Wage Claim Act to employee's claims for breach of contract and unpaid wages asserted alternatively under the FLSA).

However, CB correctly asserts that Plaintiffs' claims under Idaho law may be barred by the applicable six month limitation period in Idaho Code §45-614. In *Wood*, the Court found that the six month statute of limitations period barred Mr. Wood's claims for unpaid overtime and vacation pay asserted under Idaho's Wage Claim Act because he filed suit ten months after his employment was terminated. Nevertheless, the Court cannot rule in favor of CB on its motion to dismiss. *Wood* was decided upon a motion for summary judgment. Here, in contrast, without sufficient facts established through discovery and presented to the Court for consideration, the Court is unable to decide the issue. CB is certainly free, however, to raise the statute of limitations as an affirmative defense in its answer.

**MEMORANDUM DECISION AND ORDER - 7**

## CONCLUSION

Although CB may have preferred more detailed facts, such details are not necessary in the pleading stage when the Court is asked to review the sufficiency of a complaint under the FLSA for unpaid overtime wages. With exception of the allegations asserting willfulness, Plaintiffs' amended complaint sufficiently puts CB on notice of the nature of the suit and the facts supporting Plaintiffs' assertions. Plaintiffs will have twenty (20) days within which to file a second amended complaint setting forth sufficient facts to support their assertion of a willful violation of the FLSA.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED IN PART AND DENIED IN PART**.

2) Plaintiffs shall have up to and including July 20, 2012, within which to file a second amended complaint setting forth sufficient facts to support their assertion of a willful violation of the FLSA. An answer or other responsive pleading must be served within fourteen days thereafter under Fed. R. Civ. P. 12(a)(4).

Dated: **June 28, 2012**

Honorable Candy W. Dale
United States Magistrate Judge