JASON S. RISCH (ISB #6655)
JOHN R. JAMESON (ISB #7737)
RISCH ♦ PISCA, PLLC
Attorneys at Law
407 West Jefferson Street
Boise, Idaho 83702-6012
Telephone:  (208) 345-9929
Facsimile:  (208) 345-9928

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DELBURT STURM, an individual, <br> RICHARD FERGUSON, an individual, <br> DWAYNE VOLK, an individual, <br> STAN DALRYMPLE, an individual, <br> OCTAVIO CRUZ, JR., an individual, <br> SANTOS REYES, an individual, <br> JASON MILLER, an individual, <br> PAT STEPHEN GUINN, an individual, <br> CHRIS HOLMAN, an individual, and <br> JOHN DOES 1-20. <br><br> Plaintiffs, <br><br> vs. <br><br> CB TRANSPORT, INC., a foreign corporation, <br><br> Defendant. | Case No. 1:12-CV-00109-CWD <br><br> SECOND AMENDED COMPLAINT |

COME NOW, the Plaintiffs above-named and for cause of action against the Defendant, CB TRANSPORT, INC. and hereby complain and allege as follows:

SECOND AMENDED COMPLAINT - 1

## OVERVIEW

I.

As alleged more fully below, Defendant has failed to pay overtime compensation required by the Fair Labor Standards Act 29 U.S.C. § 201 et seq. (hereinafter "FLSA") to the Plaintiffs whose primary duties are to transport milk from dairies located in Idaho to milk processing plants also located in Idaho.

II.

Plaintiffs bring this action to obtain damages, statutory penalties, injunctive relief, costs, attorney fees and such other remedies as this Court deems appropriate for Defendant's failure to pay overtime compensation.

## THE PARTIES

III.

Plaintiff, Delburt Sturm, is a resident of the County of Canyon, State of Idaho, was an employee of Defendant, whose duties were to provide transportation services for Defendant.

IV.

Plaintiff, Richard D. Ferguson, is a resident of the County of Gem, State of Idaho, was an employee of Defendant, whose duties were to provide transportation services for Defendant.

V.

Plaintiff, Dwayne Volk, is a resident of the County of Canyon, State of Idaho, was an employee of Defendant, whose duties were to provide transportation services for Defendant.

VI.

Plaintiff, Stan Dalrymple, is a resident of the County of Canyon, State of Idaho, is an employee of Defendant, whose duties are to provide transportation services for Defendant.

SECOND AMENDED COMPLAINT - 2

VII.

Plaintiff, Octavio Cruz, Jr., is a resident of the County of Canyon, State of Idaho, is an employee of Defendant, whose duties are to provide transportation services for Defendant.

VIII.

Plaintiff, Santos Reyes, is a resident of the County of Canyon, State of Idaho, was an employee of Defendant, whose duties were to provide transportation services for Defendant.

IX.

Plaintiff, Jason Miller, is a resident of the State of North Dakota, was an employee of Defendant, whose duties were to provide transportation services for Defendant within the State of Idaho.

X.

Plaintiff, Pat Stephen Guinn, is a resident of the County of Canyon, State of Idaho, is an employee of Defendant, whose duties are to provide transportation services for Defendant.

XI.

Plaintiff, Chris Holman, is a resident of the County of Canyon, State of Idaho, is an employee of Defendant, whose duties are to provide transportation services for Defendant.

XII.

John Does 1-20 consist of numerous other individuals or employees of Defendant who at this time are unknown but whose claims against Defendant are similar to all Plaintiffs named herein.

XIII.

Defendant is a corporation in good standing within the State of Idaho, with its place of business in Canyon County, Idaho.

SECOND AMENDED COMPLAINT - 3

XIV.

The Defendant is in the business of transporting unprocessed milk, amongst other items, from dairy farms to processing plants in Idaho.

XV.

The Defendant is, and at all times was, an employer subject to the requirements of the FLSA concerning overtime pay for its employees.

## **JURISDICTION AND VENUE**

XVI.

This Court has jurisdiction over this action pursuant to the FLSA, specifically but not limited to 29 U.S.C. § 216(b), and Idaho Code § 45-615(1). Venue is proper in this District in that the Defendant's place of business is located within Canyon County, Idaho.

## **GENERAL ALLEGATIONS**

XVII.

Defendant's business consists of transportation of agricultural and commodity products from farmers and producers to product processing facilities.

XVIII.

Plaintiffs were and, in some instances, are still currently employed by Defendant for the purpose of driving the transportation vehicles to and from the producers and the processing facilities.

XIX.

At all times relevant to this case, Plaintiffs were employed within the State of Idaho as drivers for Defendant's transportation vehicles.

## COUNT ONE
## FAILURE TO PAY OVERTIME WAGES

XX.

Plaintiffs re-allege and incorporate the above allegations by reference as if set forth fully herein.

XXI.

From September 1, 2009 and continuing thereafter, Plaintiffs were, and in certain instances are still, paid on an hourly basis during their employment with Defendant for Plaintiffs' truck driving services.

XXII.

In several instances, Plaintiffs worked in excess of 40 hours per week while performing truck driving services for Defendant.

XXIII.

Defendant is required to pay Plaintiffs overtime pay in the amount of 1.5 times the Plaintiffs' regular rate of pay, pursuant to 29 U.S.C. § 207 and to do so in accordance with Title 45, Chapter 6, Idaho Code but failed to do so.

XXIV.

Defendant is not exempt from the overtime pay provisions of 29 U.S.C. § 207.

XXV.

On several occasions, one or more of the Plaintiffs spoke with Defendant's representatives requesting payment of overtime wages.

XXVI.

On numerous instances, one or more Plaintiffs pointed out to Defendant that in the milk transportation industry the business custom is for employers to pay overtime wages to truck

SECOND AMENDED COMPLAINT - 5

drivers who are in the same or similar employment situations, and inquired why Defendant would be exempt from paying overtime if other similar employers were not.

XXVII.

During 2010, Defendant was audited by the U.S. Department of Labor Wage and Hour Division regarding Defendant's payroll practices, and Defendant had ample opportunity to be open and upfront to receive proper advice and direction from the federal regulators. Despite Defendant's employees having previously raised the issue of overtime pay, Defendant refused to fully inform the regulators of its business and practices.

XXVIIII.

Due to the fact that on multiple occasions one or more Plaintiffs spoke to Defendant's representatives about Defendant's failure to provide Plaintiffs with overtime pay, Defendant's failure to pay overtime to Plaintiffs was repeated, willful and intentional.

XXIX.

By its conduct, Defendant breached its duty and violated the FLSA and Idaho Code by failing to timely pay Plaintiffs time and one-half their regular hourly rates for hours worked in excess of forty hours in a workweek, thereby damaging Plaintiffs in an amount to be determined at trial of this matter.

XXX.

As a result of Defendant's conduct, Plaintiffs are entitled to recover from Defendant damages in the amount of three times the unpaid wages found due and owing pursuant to Idaho Code § 45-615 and/or in the alternative Plaintiffs are entitled to all additional amounts allowed under the FLSA.

XXXI.

Based on the Defendant's conduct described herein, Plaintiffs have been damaged in an amount in excess of $10,000.00.

**ATTORNEY FEES**

XXXII.

As a result of Defendant's refusal and failure to pay overtime wages when due, Plaintiffs were required to retain the services of Risch Pisca, PLLC and initiate this action, all of which caused damages to Plaintiffs, and as such Plaintiffs are entitled to recover reasonable cost and attorneys' fees pursuant to 29 U.S.C. § 216(b) and/or Idaho Code § 45-615. Reasonable attorney fees in an uncontested matter amount to $5,000.

WHEREFORE, Plaintiffs pray for a judgment against the Defendant as follows:

1. That Defendant be ordered to pay all Plaintiffs' unpaid overtime wages earned from September 1, 2009 and thereafter;

2. That the amount Defendant is required to pay be consistent with that alleged in paragraph XXX herein;

3. For costs incurred by the Plaintiffs in this action;

4. For reasonable attorney fees incurred in prosecuting this action; and

5. For such other and further relief as to the Court appears just under all theories of law based upon the facts plead above.

DATED This 20th day of July, 2012.

                                                          RISCH ♦ PISCA, PLLC
                                                          Attorneys for Plaintiff

                                                          By _____
                                                          JOHN R. JAMESON, of the firm

SECOND AMENDED COMPLAINT - 7

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2012, I caused to be served a true and correct copy of the foregoing SECOND AMENDED COMPLAINT as follows:

| | | |
|---|---|---|
| Susan E. Buxton | [ ] | U.S. Mail |
| Jill S. Holinka | [ ] | Hand Delivery |
| MOORE SMITH BUXTON & TURCKE | [ ] | Facsimile |
| 950 W. Bannock St. Suite 520 | [ ] | Overnight Mail |
| Boise, Idaho 83702 | [X] | Electronic Case Filing |

| | | |
|---|---|---|
| William T. Grimm | [ ] | U.S. Mail |
| DAVIS GRIM PAYNE & MARRA | [ ] | Hand Delivery |
| 701 5th Ave., Suite 4040 | [ ] | Facsimile (206) 622-9927 |
| Seattle, WA. 98104 | [ ] | Overnight Mail |
| | [X] | Electronic Case Filing |

_____
Julia Stapleton, Legal Assistant